Chief Justice Marshall
delivered the opinion of the Court.
As neither Bakewell, nor any person dei-iving title from him, was a party to the suit and decree for foreclosure in favor of Honore &c. vs Bell &c., under which Combs purchased, and as the complainants in the mortgage suit and the purchaser, had notice of BakewelPs deed and title, any interest which Bakewell or his alienees had in the land sold under the mortgage, was not extinguished by the decree and sale.
If the provisions relative to the alleys in the deed to Bakewell, were mere personal or collateral covenants *464 by the grantor, with respect to his own land not conveyed, they would not bind his subsequent vendee of that land, whether he had notice or not. But the deed contains a grant of the right of ingress and regress in the alleys therein described, and this grant created an interest in the land in whosesoever hands it might afterwards be by grant from the same vendor.
A collateral covenant that a vendee shall enjoy a particular easement not part of the conveyance, passes no right to a subsequent vendee. But a deed in which the right of ingress and regress is secured to the grantee, passes such right to every subsequent vendee.
A mortgage was made by Bell to the Bank of the U. S. after agrant of an easement by mortgagor to Bakewell. The .Bank of U. S. ■foreclosed their mortgage &sued: ■the sale does not .extinguish the right to.the easement, the grantee of the.easement not being a party to the .deicree of foreclo•sure.
The .extent and nature of the easement determined from the facts of the ease and the grant.
The ■ mortgage by Bell to the Bank of the United States, therefore, passed the title subject to this easement. And although the lien of Honoré against Bell’s vendor was paramount to the grant of the easement by Bell to Bakewell, the sale in satisfaction of that lien did not extinguish the grant because the person entitled to it was not a party to the suit.
Then the question is as to the extent of the grant and of the easement intended to be secured by it. Upon this subject the case is not free from difficulty. But looking to all the provisions on the subject, to the-condition and use of the adjacent property, conveyed to Bakewell, and to which the easement was intended to be annexed, and to the condition and use of the alleys at different periods up to the time of the purchase by .Combs — we-are of the opinion that no right in the alleys is granted by the deed to Bakewell, except that of ingress and regress; that the covenants to keep the alleys open, relate to that right and were intended to secure it, or that if they go farther, they do not give an interest in the land, nor bind the assignee of the covenantor any farther than this: that the assignees of the grantor may therefore use the alleys in any manner not inconsistent with the use of them by the grantor of the easement or his assignees for the purpose of convenient ingress and regress for themselves, servants and property.
And in view as well of the extent and situation of the alleys and of the buildings adjacent thereto at the time, as of their condition and the use made of them by the parties since, and especially at the date of the decree and sale and for some years before; and considering that the head of the corporation then holding title under Bakewell, and from which the present claim *465 ants derive their title, was present at the sale of the land on which the alleys are situated, and made no objection or reservation; we are of opinion that the easement granted being only the right of ingress and regress, should be understood as embracing such right only as might have been enjoyed under the circumstances existing and acquiesced in at the time of the purchase by Combs, and, therefore, as not including the right of ingress and regress by carts or other vehicles drawn by beasts of burthen, but only by persons on foot with such burthens or packages as they might transport. And that the convenient use of this right is all that the Chancellor is bound to protect; whence it follows not only that the obstructions as existing in the alley at the time of the decretal sale, should not be deemed inconsistent with the right of ingress and regress granted to Bakewell, but that other uses of the alley by Combs, essential to the advantageous enjoyment of his own property and not inconsistent with the convenient use of it by the owners of Bakewell’s lot for ingress and regress should not be prohibited or restrained. We are satisfied that the insertion of posts in the soil of the alley for the purpose of erecting a porch, the first floor of which would be ten feet above the ground admitting a passage for persons with burthens and with wheel barrow and hand barrows without obstruction, would not be inconsistent with the convenient exercise of the right as above defined. And as the right of ingress and regress does not require that the entire alleys should be kept open, a solo usque ad cmlum, we do not consider the covenant to keep them open for ingress and regress, as implying the obligation to cover no part of them, or to leave them entirely uncovered for the free admission of light and air throughout the whole space. There was and is no doubt a right under the grant t© light and air in the alley so far .as necessary for convenient ingress and regress from the adjacent streets to the back part of the lot conveyed to Bakewell., but for no other purpose. And it is clear that, although the floors of the porch may obstruct the access of light to *466 some extent, it can be no serious obstruction to the pas* sage of air. And we are satisfied that it would not obstruct either so as to impair the convenient passage along the alley. But the right was obtained by Bake-well for the purpose of admitting persons and property that is goods through the alley into and upon the back part of his lot on which he shortly after erected, as he had a right to do, a house for the reception of goods from the alley. And at the time of the purchase by Combs and for many years before, an apparatus had been attached to the outside of this house and suspended over the alley fitted for hoisting packages from the alley into the second story of the house, for which purpose it had been used. This was a rightful use of the alley within the grant, and we are of opinion that Combs has no right to obstruct the convenient exercise of this use by the erection of a porch opposite the end of the house referred to, and so near to it as to interfere with the hoisting of packages, barrels, &c., from the alley into the second story by a crane or block and tackle suspended over the alley. As the alley is only ten feet wide, and the porch will leave a space of only three feet next the house referred to, which is proved not to be enough to admit of the hoisting of heavy articles, we think the porch would, to this extent, be an infringement of the easement to which Stewart & Owen, holding under Bakewell’s deed, are entitled. And Combs should, therefore, be restrained from extending that part of his porch which is opposite to the house referred to, to such a width as to obstruct the easement in the particular first mentioned. As the house appears to be of no great width, we suppose the convenient exercise of the right of taking goods from the alley into the second story of the house would require the porch to be drawn in to the extent shat it is opposite to the back building of Stewart & Owen. And we should be disposed to adopt this conclusion the more readily as the counting room of Stewart & Owen, situated on the ground floor of the back building would thereby receive more light, an object which, although *467 not secured by the deed, should be regarded as far as is consistent with the rights of Combs, and which he himself would probably be disposed to regard so far as his own interest might allow. We do not regard the deed of Bell as making this alley a street, or as dedicating it in any manner to the public, but as granting a private right of passage only.
J. ¿c W. L. Harlan for plaintiff; Loughborough Sf Ballard and Birth Speed for defendant.
It follows from the view which we have taken, that there was no error in allowing a gate or door to remain at the end of the alley to be kept open during the day, &c., but that it was erroneous to direct the removal of obstructions actually existing in the alley, and to restrain and prohibit the erection of the porch; and that there should have been no further restraint than as above indicated, the proper extent of which should be referred to the master for enquiry and report, but to be settled finally by the Chancellor.
Wherefore, the decree is reversed upon the original errors, and the case remanded for proceedings and decree in conformity with this opinion.